Inge Brauer
Attorney at Law
Bar No. 68701
2240 F Street
San Diego, CA 92102

Tel: (619) 238-1031
Fax: (619) 238-0930

Attorney for Defendant **JOSE GONZALEZ ALVAREZ**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. DANA M. SABRAW)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**JOSE GONZALEZ ALVAREZ,**<br><br>Defendant. | Case No.: 07cr3163-DMS<br><br>STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE SEIZED IN VIOLATION OF THE FOURTH AMENDMENT<br><br>Date: 2/15/08<br>Time: 11:00 a.m. |

**I.**

**STATEMENT OF FACTS**

Mr. Gonzalez Alvarez is charged with Possession of a Controlled Substance with Intent to Distribute, 21 U.S.C., Section 841 (a)(1) . On November 7, 2007, Mr. Gonzalez Alvarez was stopped by U.S. Border Patrol Agent Andres Reyes, as he was driving a 1998 Ford pick-up westbound on State Route 94. A search of the pick-up revealed 882 pounds of marijuana.

**I.**

**THIS COURT SHOULD SUPPRESS EVIDENCE SEIZED IN VIOLATION OF THE FOURTH AMENDMENT.**

The Fourth Amendment's prohibition of unreasonable searches and seizures extends to seizures of the person and brief investigatory stops of vehicles. See United States v.

Brignoni-Ponce, 422 U.S. 873, 878 (1975). An officer may not detain a motorist without "a particularized and objective bases for suspecting the particular person stopped of criminal activity." United States v. Cortez, 449 U.S. 411, 417-418 (1981). This "objective basis, or 'reasonable suspicion' must consist of 'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.'" United States v. Garcia-Camacho, 53 F.3d 244, 246 (9th Cir. 1995) (citations omitted); accord United States v. Sigmond-Ballesteros, 285 F.3d 1117, 1120 (9th Cir. 2002) (finding that district court erred in finding that vehicle stop was unconstitutional).

In the instant case, the arresting officer did not have reasonable suspicion to stop JOSE GONZALEZ ALVAREZ and question him about smuggling activities.. Because the agents did not have reasonable suspicion to believe that he committed any offense, JOSE GONZALEZ ALVAREZ's detention was unconstitutional.

Moreover, even if the government can prove that the initial detention of JOSE GONZALEZ ALVAREZ was justified on the grounds of some alleged traffic violation, that detention was impermissibly extended before the officer searched the vehicle for contraband and located the drugs. See Illinois v. Caballes, 543 U.S. 405, 407 (2005). Moreover, even if the government can prove that the initial detention of Mr. Valdez was justified on the grounds of some alleged traffic violation, that detention was impermissibly extended before the officer searched the vehicle for contraband and located the drugs. See id. Indeed, an investigatory stop may "last no longer than is necessary to effectuate the purpose of the stop." Florida v. Royer, 460 U.S. 491, 500 (1983). Prolonged detention, unrelated to the purpose of the initial stop, must be supported by reasonable suspicion. United States v. Chavez-Valenzuela, 268 F.3d 719, 725 (9th Cir. 2001), overruled on other grounds by United States v. Mendez, 476 F.3d 1077, 1080 (9th Cir. 2007)). Nervousness, including trembling hands and avoiding eye contact, does not amount to such suspicion. Id.

As a consequence, all evidence and the fruits of the unconstitutional detention (*e.g.*,

statements, all evidence) must be suppressed. See Wong Sun v. United States, 371 U.S. 471 (1963); see also United States v. Romero-Bustamente, 337 F.3d 1104 (9th Cir. 2003) (finding Fourth Amendment violation, suppressing alien material witnesses, and requiring dismissal of indictment). This Court should accordingly grant the motion.

**CONCLUSION**

Defendant respectfully requests that the above motions be granted.

Dated: February 4, 2008

Respectfully submitted,

s/ Inge Brauer
Inge Brauer
Attorney for Defendant
JOSE GONZALEZ ALVAREZ