KAREN P. HEWITT
United States Attorney
LAWRENCE A. CASPER
Assistant U.S. Attorney
California State Bar No. 235110
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone No.: (619) 557-7455
Facsimile No.: (619) 235-2757
Lawrence.Casper@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE GONZALEZ ALVAREZ,<br><br>Defendant. | Criminal Case No. 07CR3163-DMS<br><br>District Judge: Hon. Dana M. Sabraw<br>Courtroom: 10 (Second Floor)<br>Date: February 22, 2008<br>Time: 11:00 a.m.<br><br>UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE |

Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and LAWRENCE A. CASPER, Assistant U.S. Attorney, hereby files its Response and Opposition to the motion to suppress evidence filed by Defendant Jose Gonzalez-Alvarez ("Defendant"). This Response and Opposition is based upon the files and records of this case.

## I

## STATEMENT OF FACTS

### A. Statement of the Case

On November 20, 2007, a federal grand jury handed up a two-count Indictment charging Defendant Jose Gonzalez-Alvarez with: (1) one count of conspiracy to distribute 100 kilograms or

more of marijuana to wit: approximately 844.1 kilograms (1,857.1 pounds) in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and (2) one count of possession with the intent to distribute 100 kilograms or more of marijuana to wit: approximately 844.1 kilograms (1,857.1 pounds) in violation of Title 21, United States Code, Section 841(a)(1) and aiding and abetting that offense in violation of Title 18, United States Code, Section 2.

**B. <u>Statement of Facts</u>**

**1. Defendant's Arrest**

On November 7, 2007, at approximately 12:30 p.m., Senior Patrol Agent Timothy Tucciarone and Senior Patrol Agent (SPA) Andres Reyes observed two vehicles traveling in tandem westbound on State Road 94 at a high rate of speed near the intersection of Harris Ranch Road and State Road 94 in Potrero, California. The first vehicle observed was a green 1996 GMC Yukon with California license plate 4TMV024 followed by a white 1998 Ford F-150 pick-up with California license plate 8L12648. Both vehicles appeared to be heavily laden and were swerving dramatically as they passed Agents' Tucciarone and Reyes' location. SPA Reyes immediately began to follow the Ford pick up and relayed their observations to all agents in the area. As SPA Reyes approached the Ford pick-up, he requested vehicle information and prepared to attempt a vehicle stop.

Both suspect vehicles increased speed and began passing other vehicles despite double yellow lines on the road in an effort to avoid being stopped. Both vehicles stayed very close together until the Ford pick-up made an abrupt turn southbound onto Emery Road, where SPA Reyes was able to safely fall in behind the vehicle. SPA Reyes continued to follow the vehicle south where it made another abrupt turn westbound into a ravine with no distinct road. The vehicle traveled for approximately 100 yards into the ravine where it became disabled. As SPA Reyes approached the vehicle, he observed the driver, later identified as Defendant Jose Luis Gonzalez-Alvarez, exit and run toward State Road 188, where he was quickly apprehended by SPA Miguel Veliz and SPA Tucciarone. SPA Reyes arrived at the vehicle and searched the passenger area and found several bundles wrapped in clear plastic that he recognized as being consistent with marijuana smuggling. SPA Reyes and SPA William Ruiz conducted a complete search of the vehicle and found a total of 155 packages of marijuana with an approximate weight of 882 pounds.

While SPA Reyes followed the Ford pick-up driven by Defendant, SPA Kyle Krall received information from CBP Air Ops that the second vehicle – a green GMC Yukon – turned south on State Road 188. Moments later,, SPA Krall observed a GMC Yukon approach his location and SPA Krall deployed a controlled tire deflation device. The tires on the GMC Yukon were deflated and the vehicle continued southbound for approximately one mile until it turned westbound onto Tecate Mission Road. Once the vehicle approached the international boundary, the driver exited the vehicle and absconded into Mexico. SPA Krall secured the abandoned vehicle and observed several large bundles wrapped in brown packing tape, which is consistent with narcotics smuggling. A total of 71 packages of marijuana were located in this vehicle with an approximate weight of 975.1 pounds.

Both vehicles and the suspected contraband were transported to the Tecate, California Border Patrol Processing Center. At the center, all the suspected contraband was transferred and secured into two Border Patrol vehicles and transported to the El Cajon Border Patrol Station. Defendant, who was the driver of the Ford pickup, was also transported to the El Cajon Station. A field test of the contraband was conducted; the substance tested positive for marijuana.

### 2. Defendant's Post-Miranda Statement

Defendant was advised of his Miranda rights in Spanish by Border Patrol agents and witnesses by Special Agents Von Kaenel and Luis Calderon. Defendant waived his rights and voluntarily provided a statement. Defendant claimed that he had illegally entered the United States three days earlier and said he had been residing at a residence near Tecate, California. Defendant could not recall the address or location of the residence. Defendant claimed that on November 7, 2007, he received the Ford pick up from an unidentified male and was told to drive the vehicle two kilometers north, at which time another unknown subject would take the vehicle. Defendant denied knowledge of the marijuana in the vehicle and claimed he did not know what substance comprised the numerous brick shaped objects wrapped in cellophane that were in the vehicle he was driving. Defendant also stated that he uses marijuana as well as methamphetamine but that he did not smell the strong odor of marijuana emanating from inside the car he was driving. Defendant stated that, after receiving the vehicle, he drove west on Highway 94 until he was detained by Border Patrol Agents. Defendant denied that he was traveling in tandem with the other vehicle.

**C. Defendant's Criminal History**

Defendant has several prior known convictions which are described below.

| | | |
|---|---|---|
| 5/21/1986 (CASC Los Angeles) | 01:10851- VC/Take veh w/o consent/Veh theft (misdo) | 45 days jail/24 mos probation |
| 8/8/1986 (CASC San Diego) | 01:496.1 PC - Receive, etc. known stolen property (felony) | 120 days jail/3 years probation; probation revoked 8/8/91 - sent 16 mos jail |
| 4/10/1987 (CASC Burbank) | 02:10851 - VC/Take veh w/o consent/Veh theft (misdo) | 60 days jail/24 mos probation |

## II

## ARGUMENT

### A. THE STOP OF DEFENDANT'S VEHICLE WAS BASED UPON REASONABLE SUSPICION

Defendant argues that the vehicle stop was an unreasonable search and seizure. The Government recognizes that the Fourth Amendment applies to all seizures, even brief detentions that fall short of a traditional arrest. See United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975). For an investigatory stop, however, the requisite burden is less demanding than probable cause and allows an officer to search a vehicle based on the lower standard of reasonable suspicion. See United States v. Sokolow, 490 U.S. 1, 7-8 (1989). As a result, officers may stop a vehicle for investigatory purposes if they can articulate facts that form a basis for a particularized suspicion of criminal activity. See United States v. Cortez, 449 U.S. 411, 417-18 (1981).

The requirement of a reasonable, or particularized, suspicion encompasses two elements. First, the suspicion must be based on the totality of the circumstances; and second, it must arouse a suspicion that the particular person to be stopped has committed, or is about to commit, a crime. United States v. Arvizu, 534 U.S. 266, (2002); United States v. Montero-Camargo, 208 F.3d 1122, 1129 (9th Cir. 2000). Although a reasonable suspicion can be aroused through a myriad of observations, insights, and actions, several generally accepted and widely factors have been enumerated.

Supreme Court precedent stresses the importance of recognizing that objective facts, when viewed by trained law enforcement officers - even if meaningless to the untrained observer or consistent with innocent travel - can be combined with permissible deductions from such facts to form a founded suspicion to stop a vehicle. Arvizu, 534 U.S. at 277 (holding that the Border Patrol agent was entitled to assess the situation in light of his specialized training and familiarity with the area); Cortez, 449 U.S. 419.

In Brignoni-Ponce, the Supreme Court set forth a non-exclusive list of factors upon which Border Patrol agents may rely in finding reasonable suspicion: (1) the characteristics of the area in which they encounter a vehicle; (2) the vehicle's proximity to the border; (3) usual patterns of traffic on the particular road; (4) information about previous illegal border crossings in the area; (5) whether certain vehicles are commonly used to transport contraband or aliens; (6) the driver's erratic behavior; (7) a heavily loaded vehicle or an unusual number of passengers. 422 U.S. at 884-85; see also, United States v. Olafson, 213 F.3d 435, 439 (9th Cir. 2000).

In this case, the area where agents encountered Defendant was close to the border. The vehicle being driven by Defendant was traveling in tandem at a high rate of speed with another vehicle. The vehicle appeared to be heavily loaded and were swerving dramatically when they passed agents. Both suspect vehicles increased speed and began passing other vehicles despite double yellow lines on the road in an effort to avoid being stopped. Both vehicles stayed very close together until the Ford pick-up, driven by Defendant, made an abrupt turn southbound onto Emery Road until it made another abrupt turn westbound into a ravine with no distinct road. The vehicle traveled for approximately 100 yards into the ravine where it became disabled. As SPA Reyes approached the vehicle, he observed the driver, later identified as Defendant Jose Luis Gonzalez-Alvarez, exit and run toward State Road 188, where he was quickly apprehended by SPA Miguel Veliz and SPA Tucciarone. SPA Reyes arrived at the vehicle and searched the passenger area and found several bundles wrapped in clear plastic that he recognized as being consistent with marijuana smuggling. Given these circumstances and the fact that the Defendant abandoned the vehicle in his effort to flee, there is no question that agents had reasonable suspicion to examine this vehicle.

**3. Defendant's Motion Should Be Denied Without An Evidentiary Hearing**

This Court can and should deny (without prejudice) Defendant's motion to suppress statements without an evidentiary hearing. First, under Ninth Circuit precedent as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of the defendant's motion. United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) ("[T]he defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer. In these circumstances, the district court was not required to hold an evidentiary hearing.").

Second, an evidentiary hearing is not required if a defendant's motion to suppress and supporting declarations or affidavits fail to allege a specific factual dispute. See United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (an evidentiary hearing is required "if the moving papers are definite, specific, detailed and nonconjectural to enable the court to conclude that contested issues of [material] fact . . . are at issue"); see United States v. Howell, 231 F.3d 616, 620-23 (9th Cir. 2000) (holding that "[a]n evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (District Court is not required to hold an evidentiary hearing where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (motion to suppress "akin to boilerplate motions that lay no factual foundation" and unsworn representations of counsel were "too indefinite and conjectural to require the government to respond"). In fact, Defendant failed to specifically identify facts that would give rise to the need for an evidentiary hearing.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's motion to suppress.

Dated: February 19, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Lawrence A. Casper
LAWRENCE A. CASPER
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE GONZALEZ ALVAREZ,<br>Defendant. | Criminal Case No. 07CR3163-DMS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Lawrence A. Casper, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of

UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**1. Inge Brauer, Esq.**
**Federal Defenders of San Diego, Inc.**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**1. None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2008.

s/ Lawrence A. Casper
LAWRENCE A. CASPER